IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Aedan McCarthy, #21614-175, ) | |
| ) | C/A No. 8:07-243-MBS-BHH |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION AND** |
| ) | **O R D E R** |
| M. Pettiford, Warden FCI Bennettsville, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Aedan McCarthy is a prisoner in the custody of the Federal Bureau of Prisons and is currently housed at the Federal Correctional Institution ("FCI") in Bennettsville, South Carolina. Petitioner, appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserts that the Bureau of Prisons ("BOP") is illegally setting the amount and timing of his restitution payments by requiring his participation in the Inmate Financial Responsibility Program ("IFRP"). Petitioner seeks relief in the form of deferment of his restitution payments until the sentencing judge sets the amount and timing for his restitution payments.

This matter is before the court on Respondent's motion for summary judgment filed on April 10, 2007. (Entry 8.) By order filed April 11, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On May 4, 2007 and June 1, 2007, Petitioner filed responses to Respondent's motion for summary judgment.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("Report and Recommendation") on February 11, 2008, in which she recommended that Respondent's motion for summary judgment be

granted and that the petition be dismissed. The Magistrate Judge found that the sentencing court permitted Petitioner to pay restitution through the BOP's financial program and did not unconstitutionally delegate its authority to set the amounts and timing of payments to the BOP. Petitioner filed objections to the Report and Recommendation on February 25, 2008. ("Petitioner's Objections.")

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

The Petitioner makes two specific objections to the Report and Recommendation.[1] First, Petitioner asserts that the Magistrate Judge incorrectly stated that Petitioner did not argue that the

---

[1] In addition, the Petitioner makes a third specific objection. Petitioner states that "[a]ccording the magistrate's ruling which he failed to mention, the sentencing court also set the amount and timing for the probation officer to collect the remainder of petitioner's restitution when he is on supervised release. This means the probation officer can set the amount and payment schedule." (Petitioner's Objections at 3 (errors in original).) It appears that Petitioner is challenging the sentencing court's order that restitution be paid during his period of supervised release. Petitioner's third objection is unrelated to Petitioner's only ground for habeas corpus relief - that the Bureau of Prisons is illegally setting the amount and timing of his restitution payments. (See Petition for Writ of Habeas Corpus at 7.) As such, the court refrains from addressing Petitioner's third objection.

2

IFRP is unconstitutional. Petitioner contends that he argued that the IFRP was not unconstitutional only when the sentencing court orders restitution is due immediately. Petitioner further contends that in his case, the sentencing court did not order restitution be paid immediately and therefore requiring his participation in the IFRP is unconstitutional. Petitioner's objection is without merit.

When the court sets the amount and timing of restitution or fine payments, participation in the IFRP is not unconstitutional. See Summersett v. Baucknecht, 496 F. Supp. 2d 636, 640 (D.S.C. 2007). As noted by the Magistrate Judge, the sentencing court in this case set the amount and timing of Petitioner's restitution by ordering that restitution be paid commencing 30 days after the date of judgment and that payment was due during the period of incarceration. (See Report and Recommendation at 6.) As such, Petitioner's participation in the IFRP is not unconstitutional. See United States v. Caudle, 2008 U.S. App. LEXIS 464, *6 (4th Cir. January 10, 2008); see also Summersett, 496 F. Supp. 2d at 639-40.

Second, Petitioner contends the Magistrate Judge's interpretation of the sentencing court's judgment is incorrect. He contends that the sentencing court's ruling that restitution be made in installments commencing 30 days from the date of judgment is not the same as requiring that payment be made immediately. He appears to further contend that the BOP has discretion to place an inmate in the IFRP only when a judgment requires payment be made immediately. (See Petitioner's Objections at 2.)

When determining whether a court has impermissibly delegated its authority to set the amount and timing of payments to a non-judicial officer, the question is whether the court has actually set the amount and timing of payments not whether the court required payments be made immediately. See United States v. Miller, 77 F.3d 71, 77-78 (4th Cir. 1996); Caudle, 2008 U.S. App. LEXIS 464 at *5-6; Summersett, 496 F. Supp. 2d at 639. As already noted, the sentencing court in Petitioner's case set the amount and timing of Petitioner's restitution payments in the judgment. As

3

such, Petitioner's second objection is also without merit.

After thorough review of the Report and Recommendation, the Petitioner's Objections, the record in its entirety, and examining the applicable law, the court concurs with the Magistrate Judge's findings. The court adopts the Report and Recommendation and incorporates it herein by reference. As such, Respondents' motion for summary judgment is **granted** and the within petition for writ of habeas corpus is dismissed with prejudice.

**IT IS SO ORDERED.**


s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina
March 3, 2008


**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**